{¶ 26} I respectfully dissent. While I agree that appellant's failure to object to the magistrate's decision prevents an objection to the finding of a change of circumstances,[1] I find the trial court abused its discretion by increasing appellant's child support obligation.
 {¶ 27} The magistrate found that appellant's monthly child support payments should be reduced to $1,800. Although apparently in agreement with all of the magistrate's findings, the trial court elected to increase appellant's payments to $2,500. I find this increase to be in error.
 {¶ 28} The majority correctly found that "Carol Beck has not contributed financially at a level consistent with her education and training to improve the standard of living of her children * * *." This finding is consistent with the trial court's conclusion that "while the Court doubts that the Defendant/Mother has made any actual attempt to increase her income over and above her $10,000.00 per year that she makes right now, the evidence at the hearing * * * was that she has tried to get a better job."
 {¶ 29} While taking this passive review of appellee's financial responsibility, the trial court decided that "* * * the Plaintiff/Father could easily make $240,000.00 a year and that he has chosen to be voluntarily underemployed making only $215,000.00." Thus, it is appropriate to punish appellant for his failure to produce more income.
 {¶ 30} Despite the fact that in 2000 appellant contributed a payment of $150,000 to appellee, one of his children is now emancipated from the home, and appellee, though more than capable, has failed to secure employment, the trial court reasoned it appropriate to increase appellant's payments. Further, there is no authority for the proposition that one spouse may be penalized for failure to maintain a certain income-providing position, while the other equally qualified spouse can avoid accepting financial responsibility for their child's well-being. I find the trial court's reasoning unreasonable and arbitrary. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. I believe the non-emancipated child would enjoy the same standard of living she enjoyed prior to the collapse of the marriage.
 {¶ 31} I would reverse the decision of the trial court and order the adoption of the magistrate's findings as to the amount of support.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
[1] However, as appellant agreed with the magistrate's decision, namely the reduction in his payments, it is no wonder appellant failed to object.